(Reap. Dec. 10488)

HURRICANE IMPORT COMPANY (MOJONIER) ET AL. v. UNITED STATES

Entry No. 24065, etc.

(Decided April 16, 1963)

*Lawrence & Tuttle* for the plaintiffs.
*John W. Douglas*, Assistant Attorney General, for the defendant.

WILSON, Judge: Counsel for the parties have submitted the appeals for reappraisement enumerated in schedule "A," attached hereto, for decision upon stipulation, reading as follows:

1. That the merchandise and the issues involved in the appeals for reappraisement enumerated in Schedule "A" hereto attached and made a part hereof are the same in all material respects as those involved in *United States* v. *Gitkin Co.*, A.R.D. 132, and that the record in the cited case may be incorporated in the record herein.

2. That the involved merchandise was entered or withdrawn from warehouse for consumption on or after February 27, 1958 and is not identified in the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act of 1956 (T.D. 54521).

3. At the time of exportation of the merchandise involved herein, the prices at which such or similar merchandise was freely offered for sale for exportation to the United States to all purchasers in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incidental to placing the merchandise in condition packed ready for shipment to the United States, were the appraised values, less the amounts marked "X" in red ink by the Examiner.

On the agreed facts and following the decision in the cited case, I find and hold that export value, as defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the values of the merchandise involved and that such values are the appraised values, less the amounts marked "X" in red ink by the examiner.

Judgment will issue accordingly.